```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

FRED R. DEFRANCESCH, ET AL.              CIVIL ACTION

VERSUS                                   NO: 07-5843

EMPLOYERS MUTUAL CASUALTY                SECTION: "A" (5)
CO.
```

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 2)** filed by plaintiffs Fred R. Defrancesch and Eliana O. Defrancesch. Defendant Employers Mutual Casualty Co. opposes the motion. The motion, set for hearing on October 31, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **DENIED**.

### I.   BACKGROUND

Plaintiffs initiated this suit in state court against Employers Mutual Casualty Co. ("EMC"). Plaintiffs allege that their property located at 2810 West Airline Highway in LaPlace, Louisiana was damaged during Hurricane Katrina from a combination of wind, rain, and wind-driven rain. (Pet. ¶ III). Plaintiffs allege that they notified their insurance agent, Riverlands Insurance, regarding the damage and that EMC sent an adjuster to the property. (Id. ¶ V). Plaintiffs contend that their public adjuster estimated damages to be $243,005.28 but that EMC has

1

failed to tender the full amount of the damages.  Plaintiffs seek penalties and attorney's fees under Louisiana law in addition to full payment for all property damage and additional compensation for yet to be determined loss of business.  (Pet. ¶ VIII).

EMC removed the case to this Court alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction.  Plaintiffs are citizens of Louisiana and EMC is a citizen of Iowa.  (Ntc. Rem. ¶ 2).  The amount in controversy is well in excess of $75,000.

Plaintiffs now move to remand the case.  Plaintiffs' position is that "the remand"[1] is premature because service was never made on Riverlands Insurance Agency.

## II.  DISCUSSION

Plaintiffs' arguments in support of remand are without merit.  It is undisputed that this Court has diversity jurisdiction over the claim against EMC.  Contrary to Plaintiffs' contention, service on all defendants, including the removing defendant, is not a prerequisite to removal.  <u>Delgado v. Shell Oil Co.</u>, 231 F.3d 165, 177 (5th Cir. 2000) (citing 28 U.S.C. §

---

[1] The Court assumes that Plaintiffs intended to state that the *removal* was premature but Plaintiffs used the term "remand" more than once in their motion and memorandum.

1448).  Thus, the removal was not premature.[2]

Moreover, the petition contains *no factual allegations whatsoever* regarding any alleged acts or omission on the part of Riverlands.  EMC is the sole named defendant in both the caption and the body of the petition.  Other than the passing reference to Plaintiffs having notified Riverlands of the storm damages, (Pet. ¶ V), and the notation on the last page to hold service as to Riverlands Insurance Services, Inc., Riverlands is never mentioned in the petition.  It would seem that Riverlands is not even a party to this lawsuit which means that its citizenship is irrelevant to the jurisdictional analysis.

Nonetheless, even if the Court considers Riverlands to be a party, and assuming *arguendo* that Riverlands is a Louisiana corporation, the case was properly removed.  The law is well-settled that the jurisdictional facts that support removal are to be judged as of the time of removal and post-removal affidavits and amendments cannot divest the court of jurisdiction once it attaches.  See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  At the time of removal the petition contained

---

[2] The Court notes that at the time of removal EMC had not been formally served but Delgado, supra, is on point in recognizing that formal service of the petition is not required for removal.  231 F.3d at 177.  On the other hand, the thirty-day period for removal does not begin to run against a defendant until formal service is completed.  Id. n.23 (citing Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344 (1999)).

no allegations regarding any negligence or other conduct on the part of Riverlands.  Thus, the petition provides no basis for the Court to find that Plaintiffs would have any possibility of recovery against Riverlands in state court.

In sum, the case was properly removed to federal court.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 2)** filed by plaintiffs Fred R. Defrancesch and Eliana O. Defrancesch is **DENIED**.

October 29, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE